KORNFELD & ASSOCIATES, P.C.
Special Counsel to the Debtor and
Debtor-in-Possession
570 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 759-6767
Randy M. Kornfeld (RMK 9908)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:                                         Case No. 09-14792 (BRL)

PENNY & KENNY SHOES, LLC,                      Chapter 11

                Debtor.         AFFIDAVIT IN SUPPORT OF
                                                                         DIP FINANCING MOTION
------------------------------------------------------------------X
STATE OF NEW YORK   )
                                   )ss.:
COUNTY OF NEW YORK  )

TO THE HONORABLE BANKRUPTCY JUDGE IN THESE PROCEEDINGS:

       STUART CHALFIN, being duly sworn, respectfully sets forth and states:

1. I am the managing member of the above named corporate debtor (the "Debtor"). I submit this affidavit in support of the Debtor's motion for authorization to obtain post-petition financing.

2. The Debtor is a New Jersey limited liability corporation. I am the managing member. Kenny Robinson is a member and manager. Stuart Chalfin and Kenny Robinson are senior management. Melvin Twersky is the third and final member. The Debtor maintains leases at the following two addresses: 1370 Avenue of the Americas, New York, NY and 1934 Olney Avenue, Suite 102, Cherry Hill, NJ. The Debtor is an importer and distributor of women's junior shoes.

3. On July 31, 2009, the Debtor commenced proceedings under Chapter 11 of Title 11 of the United States Code. In accordance with 11 U.S.C. §1107, Movant, as Debtor-in-Possession has the powers and duties of a trustee and in accordance with 11 U.S.C. §1108, is authorized to continue in the operation of its business and the management of its properties. No trustee, examiner or creditors' committee has been appointed.

4. The Debtor's filing was precipitated by the economic downturn, the delivery of inferior product from suppliers, and the institution of frivolous litigation against it. The Debtor has depleted its cash flow and cannot remain in operation without outside financing. I believe that if the Debtor can remain in operation, it can become profitable again as it enjoys excellent relations with its customers. The Debtor has not been able to procure any financing other than that described herein.

5. Ultimate Financial Solutions, LLC, d/b/a Ultimate Factoring Services ("Ultimate," "Factor," or "Lender") has offered to provide the Debtor with the necessary financing described in the Motion and proposed interim order (the "Interim Order") (**Exhibit A**), and ultimately final order, to enable the Debtor to continue operations. Absent immediate temporary financing, the Debtor will not be able to continue operating with sufficient cash flowing, resulting in the loss of jobs as well as the Debtor's ability to pay unsecured creditors in this case. The Debtor's operating budget (the "Budget") for the next two months is annexed hereto as **Exhibit B**. The terms of the financing agreement are contained in Ultimate's various pre-petition agreements with the Debtor (the "Pre-Petition Agreements") (**Exhibit C**) as well as a new addendum (the "Addendum") (**Exhibit D**). Generally, by this Motion, the Debtor seeks to affirm, continue and ratify its Pre-Petition Agreements with only minor modifications contained in the Addendum. The Debtor also seeks authority for cross-collateralization as more fully detailed in the annexed

Motion. It is respectfully submitted that the cross-collateralization is reasonable and necessary under the circumstances. Ultimate financed the Debtor pre-petition and is the only entity willing to finance the Debtor in its Chapter 11 case under these negotiated terms and conditions. Ultimate has not requested any additional side collateral, which all other lenders, to the best of my knowledge, would request.

6. Briefly, the Budget reflects this motion's request for approval of interim financing in the approximate amount of $1,342,000 through September 30, 2009. The major expenses outlined in the Budget are $833,000 for product, $125,000 for freight/duty and $90,000 for salesman commissions. Additional items include rent, payroll taxes, factor fees and commissions, insurance, trade shows, warehousing/fulfillment and all general overhead.

7. Should this motion be granted, I believe that the Debtor will be in a position to reorganize and return to profitability. Otherwise, the Debtor's operations will cease shortly, employees will lose jobs and not be paid wages and the Debtor will lose its opportunity to return valuable and profitable merchandise to the marketplace. Accordingly, the Debtor would respectfully request that this motion be granted in its entirety, together with such other and further relief as this court deems just and proper.

                                                             */s/ Stuart Chalfin*
                                                                Stuart Chalfin

Sworn to before me this
5th day of August, 2009

*/s/ Randy Kornfeld*
      NOTARY PUBLIC

3