```
IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:                                              Case No. 09-14792 (BRL)

PENNY & KENNY SHOES, LLC,                           Chapter 11

                Debtor.

---------------------------------------------------------------------x
```

**ORDER (I) APPROVING AND AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF PURCHASE ORDERS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the **"Sale Motion"**) of the above-captioned debtor and debtor-in-possession (the **"Debtor"**) for the entry of an order pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the **"Bankruptcy Code"**) and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) authorizing the Debtor to, *inter alia,* (i) sell certain of its Assets,[1] free and clear of all liens, claims, encumbrances and interests (defined herein); to Titan Industries, Inc. (the "**Purchaser**"); (ii) assume and assign certain open purchase orders of the Debtor (the "**Purchase Orders**") to the Purchaser; and (iii) granting related relief; and this Court having entered an order dated November 19, 2009 (the **"Bid Procedures Order"**) authorizing the Debtor to conduct, and approving the terms and conditions of, bid procedures to consider higher or otherwise better offers for the Assets, establishing a date for the auction; and the Bankruptcy Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Bid Procedures Order as applicable.

U.S.C. §§ 157(b)(2) and 1334;[2] and consideration of the Sale Motion, the relief requested therein, and the responses thereto being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections to the Sale Motion having been duly noted in the record of the hearing to approve the sale (the "**Sale Hearing**"); and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case, including the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**[3]

A. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Bankruptcy Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Assets to be sold, transferred or conveyed pursuant to this Order, and its estate, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The "Bankruptcy Court" shall mean the United States Bankruptcy Court Southern District of New York.

[3] All findings of fact and conclusions of law announced by the Bankruptcy Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

D. The Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

E. The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) sections 102, 105, 363, and 365 of the Bankruptcy Code, and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

F. On July 31, 2009 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession and management of its business and property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

G. On August 28, 2009, the Office of the U.S. Trustee (defined below) appointed the Official Committee of Unsecured Creditors in the Debtor's cases (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

H. The Debtor and Ultimate Financial Solutions, LLC d/b/a Ultimate Factoring Services ("**UFS**") entered into certain prepetition agreements, including, *inter alia*, a factoring agreement dated July 14, 2006 with related letter of credit and/or purchase guarantee agreement dated July 14, 2006, inventory security agreement dated July 14, 2006, equipment security agreement dated July 14, 2006 and related guarantees, pursuant to which, *inter alia*, UFS has made certain loans and financial accommodations to the Debtor secured by senior liens on, and security interests in, substantially all of the Debtor's assets, including, without limitation, the Assets.

I. Proper, timely, adequate, and sufficient notice of the Sale Motion, and the Sale Hearing have been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this

Bankruptcy Court, and in compliance with the Bid Procedures Order. Notice of the Sale Hearing was also published in the Footwear News. The Debtor also gave due and proper notice of the sale as required by the Bid Procedures Order.. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

J. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) counsel to the Purchaser; (ii) Debtor's 20 largest unsecured creditors; (iii) the Office of the United States Trustee; (iv) the official committee of unsecured creditors; (v) all known creditors and parties in interest of the Debtor; (vi) all known applicable taxing authorities; (vii) all entities reasonably known by the Debtor to have an interest in the Assets to be sold; and (viii) all entities reasonably known by the Debtor to have asserted liens against the Assets to be sold (collectively, the **"Notice Parties"**).

K. The conditions of section 363(m) of the Bankruptcy Code have been satisfied.

L. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring them to enter into the Asset Sale, sell the Assets under section 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, its estate and its creditors. Such business reasons include, but are not limited to, the facts that (i) there is substantial risk of deterioration of the value of the Assets if the sale is not consummated quickly; (ii) the consideration being provided by the Purchaser of One Hundred Fifty Thousand Dollars ($150,000.00) constitutes the highest or best offer for the Assets; and (iii) unless the sale is concluded expeditiously as provided for in the Sale Motion, creditors' recoveries may be diminished.

M. The bid procedures set forth in the Bid Procedures Order were non-collusive, proposed in good faith, and are substantively and procedurally fair to all parties-in-interest.

N. The Debtor and its professionals have complied, in good faith, in all respects with the Bid Procedures Order. As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process was conducted in accordance with the Bid Procedures Order, the Debtor (i) afforded interested potential purchases a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Assets, (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets, and (iii) considered any bids submitted on or before the bid deadline set forth in the Bid Procedures Order.

O. The offer of the Purchaser, including the form and total consideration to be realized by the Debtor, (i) is the highest and best offer received by the Debtor; (ii) is fair and reasonable; (iii) is in the best interests of the Debtor's creditors and estate; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Assets; and (v) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

P. The Purchaser is the successful bidder for the Assets in accordance with the Bid Procedures Order. The bid procedures obtained the highest value for the Assets for the Debtor and its estate.

Q. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to all of the Assets. The Asset Sale was negotiated and

entered into in good faith and without collusion or fraud of any kind. Neither the Debtor nor the Purchaser has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the consummation of the Asset Sale and transfer of the Assets and the Purchase Orders to the Purchaser. The Purchaser is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

R. The sale of the Assets has been duly and validly authorized by all necessary corporate authority by the Debtor to consummate the Asset Sale. No additional consents or approvals are required by the Debtor to consummate the Asset Sale.

S. The Debtor has advanced sound business reasons for seeking to enter into the Asset Sale and to sell and assign the Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtor's business judgment to sell the Assets and to consummate the Asset Sale. Notwithstanding any requirement for approval or consent by any person, the transfer of the Assets to the Purchaser is a legal, valid and effective transfer of the Assets.

T. The Assets shall be sold free and clear of all restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), judgments, demands, encumbrances, rights of first refusal, contracts, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, pension, or tax, decrees of any court or foreign or domestic governmental entity, or charges of any kind or nature, if any, including, but not limited to, any restriction on the use,

voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor or the Debtor's predecessors or Affiliates (as such term is defined by section 101(2) of the Bankruptcy Code), claims (as that term is used in the Bankruptcy Code), reclamation claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfilled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability (collectively, **"Liens, Claims, Encumbrances and Interests"**) and the Purchaser would not enter into the Asset Sale to purchase the Assets otherwise.

U. The transfer of the Assets to the Purchaser is a legal, valid and effective transfer of the Assets, and shall vest the Purchaser with all right, title and interest of the Debtor to the Assets free and clear of any and all Liens, Claims, Encumbrances and Interests. The Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Assets being sold by the Debtor.

V. The transfer of the Assets to the Purchaser free and clear of all Liens, Claims, Encumbrances and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances and Interests. All persons having Liens, Claims, Encumbrances or Interests of any kind or nature whatsoever against or in the Debtor or the

Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances and Interests against the Purchaser, any of their assets, property, successors or assigns, or the Assets.

W.  The Debtor may sell the Assets free and clear of all Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Liens, Claims, Encumbrances and Interests and (ii) non-debtor parties to the Purchase Orders, who did not object, or who withdrew their objections, to the sale of the Assets and the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All objections to the Sale Motion have been resolved or overruled. Those holders of Liens, Claims, Encumbrances and Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected.

X.  The Debtors and the Purchaser have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code. The Purchase Orders are assignable notwithstanding any provisions contained therein to the contrary.

Y.  The Purchaser is acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the Asset Sale and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Z.  The Asset Sale contemplated under this Order does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate, there is not substantial continuity between the Purchaser and the Debtor, there is no continuity of enterprise between the Debtor and the Purchaser, the Purchaser is not a mere continuation of the Debtor or

its estate, and the Purchaser does not constitute a successor to the Debtor or its estate. The Purchaser shall have no obligations with respect to any liabilities of the Debtor.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.

3. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

*<u>Approval of Sale</u>*

4. The sale of the Assets is hereby authorized and approved in all respects.

5. The sale of the Assets and the consideration provided by the Purchaser is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6. The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer of the Assets or right granted pursuant to the terms of this Order (unless stayed pending appeal),

and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

7. The Debtor is hereby authorized to fully assume, perform under, consummate and implement the terms of the Asset Sale and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Assets, as may be necessary or appropriate to the performance of the Debtor's obligations, without any further corporate action or orders of this Bankruptcy Court.

8. The Debtor, the Purchaser, and each other person or entity having duties or responsibilities under this Order, and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Asset Sale, and any related agreements; to take any and all actions in connection with the Asset Sale, any related agreements or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Bankruptcy Court or further action by their respective directors, officers, employees, members, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives, and attorneys of such entities.

9. Effective as of the closing of the Asset Sale, the sale of the Assets by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and vests the Purchaser with all right, title and interest of the Debtor in and to the Assets, free and clear of all Claims, Liens, Interests and Encumbrances of any kind, pursuant to section 363(f) of the Bankruptcy Code.

*<u>Transfer of Assets</u>*

10. Upon the closing of the Asset Sale, the Debtor shall be, and hereby is, authorized, empowered, and directed, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell the Assets to the Purchaser. The sale of the Assets vests the Purchaser with all right, title and interest of the Debtor to the Assets free and clear of any and all Claims, Liens, Interests and Encumbrances and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Claims, Liens, Interests and Encumbrances to attach only to the proceeds of the sale (the "**Sale Proceeds**") with the same priority, validity, force, and effect, if any, as they now have in or against the Assets, subject to all claims and defenses the Debtor may possess with respect thereto.

11. Upon the closing of the Asset Sale, the Sale Proceeds shall be held by Debtor's counsel or such other person as directed by the Court pending further order of this Court.

12. The Sale Motion shall be deemed to provide sufficient notice of the sale of Assets free and clear of Claims, Liens, Interests and Encumbrances. Following the closing of the Asset Sale, no holder of any Claims, Liens, Interests and Encumbrances in the Assets may interfere with the Purchaser's use and enjoyment of the Assets based on or related to such Claims,

Liens, Interests and Encumbrances, or any actions that the Debtor may take in its chapter 11 cases and no person may take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or this Order.

13. The provisions of this Order authorizing the sale of the Assets free and clear of Liens, Claims, Encumbrances and Interests and the Assumed Liabilities, shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

14. On or before the closing of the Asset Sale, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens, Claims, Encumbrances and Interests of any kind against the Assets, as such Liens, Claims, Encumbrances and Interests may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances and Interests in or against the Assets shall not have delivered to the Debtor prior to the closing of the Asset Sale after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances and Interests that the person or entity has with respect to the Assets, the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Assets prior to the closing of the Asset Sale, and the Purchaser is authorized to file such documents after closing of the Asset Sale.

15. All of the Debtor's interests in the Assets to be acquired by the Purchaser shall be, as of the Closing Date, transferred to and vested in the Purchaser. Upon the occurrence of the

Closing Date, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Assets acquired by the Purchaser under a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Assets to the Purchaser.

16. All persons or entities, presently or on or after the Closing Date, in possession of some or all of the Assets are directed to surrender possession of the Assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

*Purchase Orders*

17. The assumption by the Debtor of the Purchase Orders and the assignment of such Purchase Order to the Purchaser be, and hereby is, authorized and approved pursuant to sections 363 and 365 of the Bankruptcy Code.

18. The Purchase Orders shall be deemed valid and binding and in full force and effect and assumed by the Debtor and assigned to the Purchaser at the Closing, pursuant to sections 363 and 365 of the Bankruptcy Code.

19. Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title and interest of each Purchase Order. The Debtor shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

20. Any provision in any Purchase Order that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtor is unenforceable, and all Purchase Orders shall remain in full force and effect. No sections or provisions of any Purchase Order that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Purchase Orders shall have any force and effect with respect to the transactions contemplated by this

Order and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code and no assignment of any Purchase Order pursuant to this Order in any respect constitutes a default under any Purchase Order. The non-debtor party to each Purchase Order shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Purchaser shall enjoy all of the rights and benefits under each such Purchase Order as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

*<u>Additional Provisions</u>*

21. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

22. The Purchaser has not assumed or is otherwise not obligated for any of the Debtor's liabilities. Consequently, except as otherwise provided in this Order, all persons, Governmental Units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) and all holders of Claims, Liens, Interests or Encumbrances based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Purchaser or the Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Claims, Liens, Interests or Encumbrances or on account of any liabilities of the Debtor.

23. The Purchaser is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim

against the Debtor or against an insider of the Debtor, or similar liability and the Sale Motion contains sufficient notice of such limitation. Neither the purchase of the Assets by the Purchaser nor the fact that the Purchaser is using any of the Assets previously owned by the Debtor, will cause the Purchaser to be deemed a successor in any respect to the Debtor's businesses within the meaning of, or in connection with, (i) any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, antitrust, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), (ii) under any products liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine, (iii) any employment or labor agreements, collective bargaining agreements, consulting agreements, severance arrangements, change-in-control agreements or other similar agreement to which the Debtor is a party, (iv) any pension, health, welfare, compensation or other employee or retiree benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the Debtor, (v) the cessation of the Debtor's operations, dismissal of employees, or termination of employment or labor agreements, collective bargaining agreements, or pension, health, welfare, compensation or other employee or retiree benefit plans, agreements, practices and programs, and any obligations that might otherwise arise from any such cessation, dismissal or termination pursuant to any law of the United States, any State therein, or any other jurisdiction in the world, whether such obligations arise under any contract, agreement, statute, regulation, ordinance, common law, public policy, constitution or any other source, including without limitation, the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and

Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, COBRA, or the Worker Adjustment and Retraining Notification Act, (vi) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to the Closing Date (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq., (vii) any liabilities, debts or obligations of or required to be paid by, the Debtors for any taxes of any kind for any period, (viii) any liabilities, debts, commitments or obligations for any taxes relating to the operation of the Assets prior to the Closing Date, and (ix) any litigation.

24. Except to the extent expressly provided in this Order, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtor, the Official Committee of Unsecured Creditors appointed in the Debtor's case, all debt security holders, equity security holders, the Debtor's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, Encumbrance and Interest of any kind or nature whatsoever against, in or with respect to the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, Claim, Encumbrance and Interest, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors,

attorneys, employees, partners, affiliates, financial advisors and representatives (each of the foregoing in its individual capacity), or the Assets.

25. This Order shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

26. The provisions of this Order are non-severable and mutually dependent.

27. Nothing in any order of this Bankruptcy Court or contained in any plan of reorganization or liquidation confirmed in the Chapter 11 cases, or in any subsequent or converted cases of the Debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the terms of this Order.

28. Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Sale Motion shall be deemed to provide sufficient notice of the Debtor's request for relief from stay. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Purchaser are free to close the Asset Sale at any time. In the absence of any person or entity obtaining a stay pending appeal, if the Debtor and the Purchaser close the Asset Sale, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of

section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to this Order.

29. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Bid Procedures Order in all respects and to decide any disputes concerning this Order, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and any Purchase Orders and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens, Claims, Interests and Encumbrances.

Dated: New York, New York
      December 1, 2009

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE